PROFESSIONAL REALTY CORPORATION, Plaintiff and Appel-- lant, *v.* TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 11040. Argued February 1, 1955.—Decided February 24, 1955.

*Celestino Iriarte* and *F. Fernández Cuyar* for appellant. *José Trías Monge, Attorney General,* and *Arnaldo P. Cabrera, Assistant Attorney General,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On September 6, 1951, the Professional Realty Corpora-tion filed a complaint in the former Tax Court of Puerto Rico, against the Treasurer of Puerto Rico, now Secretary of the Treasury, alleging, in brief, the following: That the petitioner was the owner of a building located in San Juan, which was under construction on July 1, 1948; that Act No. 151 of May 11, 1948 (Sess. Laws, p. 348) exempted from the levy and payment of property taxes, including those levied for the year 1948–49, any building under construction after July 1, 1948; that notwithstanding the provisions of said law, the respondent levied a property tax and demanded payment thereof, on the building under construction owned by petitioner, including a tax on the materials to be used in its construction, the tax levied amounting to $3,121; that the

petitioner paid timely all the property taxes levied on the lot on which this aforesaid building stands and as to the tax on the building under construction and on the materials, he asked the respondent, in writing, to set aside said levy and collection of taxes, which he refused to do; that on July 21, 1951, the petitioner applied, in writing, for the reconsideration of respondent's aforesaid decision, and on August 7 following, it was denied; that the tax receipt on property No. 1578 corresponding to the year 1948–49, issued in the name of the "Professional Realty Corporation" appears among the taxes challenged. The complaint ends with the prayer that petitioner be acknowledged its right to enjoy the exemption granted to the buildings under construction, under the aforesaid Act No. 151, and that consequently the aforesaid receipt be cancelled and its collection set aside.

The Treasurer answered accepting the facts alleged in the complaint except that a tax had been levied and collected on the building under construction, alleging, on the contrary, that the tax challenged, the correct amount of which is $5,554.40, was levied on the lot and the materials owned by petitioner on January 15, 1948. He further alleged that while payment of receipt No. 1578 was pending, the petitioner sent a check to the Collector of Corporations for the payment of taxes of subsequent years, and out of this check the defendant applied the sum of $3,554.40 as payment of the tax on the aforementioned lot and materials to which receipt No. 1578 refers. The Treasurer also prayed for the dismissal of the complaint on the ground that the court lacked jurisdiction, inasmuch as the action filed by the petitioner was, in essence, one for refund, and that the essential averment that the taxpayer had suffered the burden of the payment of the tax was lacking in the complaint.

At the trial the issue was reduced to a question of law, to wit: whether or not the materials stored next to the building and which were to be used in its construction, were exempted from the property tax, under Act No. 151 of 1948.

This notwithstanding, the parties introduced documentary evidence, which was admitted without objection.[1] This evidence, however, does not refer to, nor substantiates, the averment made by the Treasurer in his answer, that the amount of receipt No. 1578—which represents the tax in litigation—was paid. That fact remained in the pleadings without being proven or admitted by the adverse party. This notwithstanding, the trial court held that the action filed by the petitioner was one for refund; that in this kind of actions "it is a jurisdictional requirement $(a)$ to allege in the complaint that plaintiff carried the economic burden of the tax claimed, and $(b)$ that it be proved at the trial." Inasmuch as petitioner failed to comply with this requirement, said court rendered judgment dismissing the complaint for lack of jurisdiction.

On appeal, the petitioner alleges (1) that the trial court erred in basing its judgment exclusively and wholly on facts merely alleged by the defendant and which were in nowise proven, and (2) that assuming that the trial court decided the case correctly, the latter erred in failing to allow plaintiff to amend its complaint.

The appellee, on the other hand, raises, as a preliminary question, the lack of jurisdiction of the trial court on different grounds than those stated in the judgment appealed from. This contention is that the complaint in the case at bar was

---

[1] The petitioner's evidence consisted of a letter dated June 19, 1951, sent by the Acting Treasurer of Puerto Rico to the President of the Professional Realty Corporation, denying the latter's petition of May 21, 1951, to cancel receipt No. 1578; (2) a motion for reconsideration of the former decision, filed by petitioner's counsel; and (3) a notice served by the Treasurer on said counsel, ratifying his decision. That of the defendant consisted of (1) Balance sheet dated December 31, 1947, rendered in February 1948 by the petitioner to the Treasury Department, reporting that it had construction materials stored next to the project worth $80,000, movable machinery and tools worth $17,463 and furniture and implements worth $65; and (2) Notice of the assessment of the aforesaid movable property, for the year 1948–49, made by the Treasury to the taxpayer on February 11, 1949, and Notice of the Assessment for the same tax year of the lot wherein the petitioner's building is located.

not filed in the Tax Court within the statutory term. Let us first examine said question.[2]

 It appears from the record that the notice of the assessment of the property, on which the then Treasurer of Puerto Rico levied the property tax in litigation, was served on the taxpayer, Professional Realty Corporation, on February 11, 1949; that on May 21, 1951, the taxpayer asked the Treasurer for cancellation of receipt No. 1578 corresponding to the year 1948–49, which had been issued for the collection of the tax. On June 19, 1951, the Treasurer denied this petition. On July 21 following, the taxpayer requested the Treasurer for the reconsideration of his decision. On August 17, 1951, the Treasurer denied the motion for reconsideration. The complaint was filed in the Tax Court on September 6, 1951.

Act No. 169 of May 15, 1943,[3] in force on the date the notice of assessment was served, provided that the taxpayer could file an action in the Tax Court within the thirty days following the date of the service of notice thereof by the Treasurer of Puerto Rico in any of the following cases: "(1) Assessment or reassessment of personal property, tangible or intangible, or of real property; . . . *Provided*, That the period of 30 days to which this section refers shall be suspended *if during said period* the Treasurer is asked for a reconsideration of his decision and he grants such reconsideration, in which case, the said period of thirty days, already started to run, shall continue to be reckoned from the date on which the Treasurer serve notice of his final decision on the incident of reconsideration upon the interested party. . ."[4] (Italics ours). Said Act also provided

---

[2] It being a jurisdictional question we may pass upon it although it is raised for the first time on appeal. *P. R. & Am. Ins. Co.* v. *People*, 68 P.R.R. 629; *Valiente & Cía.* v. *Cuevas, Commissioner*, 65 P.R.R. 169.

[3] Laws of Puerto Rico of 1943, p. 600.

[4] Section 309 of the Political Code, as amended by Act No. 222 of 1942 (Sess. Laws, p. 1246), established different terms for appealing to the Tax Court, but said terms were set aside by the enactment of

in its § 4 that the jurisdiction of the Tax Court cannot be pleaded before the court by any person until there has been a proper administrative decision in the matter on the part of the Treasurer of Puerto Rico.

In the case at bar the administrative decision of the Treasurer was evidently the notice of assessment served on the taxpayer on February 11, 1949. See, *Puerto Rico High School of Commerce* v. *Tax Court*, 68 P.R.R. 744; *Gerardino* v. *Tax Court*, 68 P.R.R. 206; *Cía. Ron Carioca* v. *Buscaglia, Treas.*, 69 P.R.R. 814. From the foregoing it appears as an uncontroverted fact that the taxpayer did not file an action in the Tax Court within the thirty days following the date of the service of notice of the assessment of the property and that said term was not suspended by virtue of a motion for reconsideration. Consequently, the taxpayer did not seasonably challenge through judicial means, the validity of the assessment notified to him. Under the 1943 Act any controversy in connection with the validity of the property assessment notified in February 1949, was thus terminated. [3–5] However, on July 14, 1949, Act No. 235 of that year went into effect, and it established a uniform procedure to appeal to the Tax Court in all cases under the jurisdiction of said court. Said Act granted the taxpayers the remedy of appeal to the Tax Court from decisions of the Treasurer of Puerto Rico. As to the property tax, it granted the right to appeal from the *levy of the tax* and not from the assessment of the property as did Act No. 169 of 1943. This right to appeal must be exercised as follows:

"(a) From the levying of the tax, notified in the manner provided in section 309 of the Political-Administrative Code of Puerto Rico, by paying that part of the tax to which the taxpayer agrees and filing complaint in the Tax Court of Puerto Rico, in the manner provided for by the Act creating said court (1) within the term of thirty (30) days from the date of the

---

the aforesaid Act No. 169 of 1943. See, *Puerto Rico High School of Commerce* v. *Tax Court*, 68 P.R.R. 744.

personal notice provided for by section 309; or (2) within the term of thirty (30) days from the date of mailing notice of the levying of the tax, if said notice is served by registered mail according to said section 309; *Provided,* That both the term of thirty (30) days within which to appeal to the Tax Court of Puerto Rico, and the payment within said term of that part of the tax to which the taxpayer agrees, shall be considered of jurisdictional character." (Section 2 A–3 of Act No. 235 of May 10, 1949.)

This procedure was already in force when the taxpayer asked the Treasurer of Puerto Rico on May 21, 1951, to set aside the levy and collection of the tax involved herein.[5] Admitting in the light most favorable to the taxpayer, that the tax was levied after Act No. 235 of 1949 was in force, and that under said statute the taxpayer was entitled to appeal from the levy made, it was bound to file its complaint within the thirty days following the service of notice of such levy. Conceding once more, inasmuch as the date of the service of notice of the levy does not appear from the record, that the same was served on May 21, 1951, on which date the taxpayer requested the setting aside of the levy, the plaintiff was bound to file its complaint within the following thirty days, and it failed to do so. Contrariwise, it merely moved for reconsideration of the Treasurer's refusal to set aside the levy. From May 21, 1951, until the filing of the complaint, September 6, 1951, more than one hundred days elapsed. The term of thirty days granted by the aforesaid

[5] Act No. 328 of May 13, 1949 (Sess. Laws p. 996) creating the Tax Court of Puerto Rico was also in force at the time. Section 3 of said Act provides:

"Section 3.—All actions, remedies or proceedings to be substantiated before the Tax Court of Puerto Rico shall be instituted by complaint of the claimant person or entity, formulated by the claimant or through a duly authorized legal representative, within the term of thirty (30) days following the day of notice thereof, served by the Treasurer of Puerto Rico, in any of the following cases: (1) taxes on real or personal property; (2) inheritance or gift taxes; (3) income taxes; (4) unfair profiteering taxes; (5) social insurance taxes; (6) denials of reimbursements authorized by law of any kind of taxes paid unduly or in excess, or unlawfully collected for any other reason; . . ."

1949 Act [6] to appeal to the Tax Court is not interrupted by asking the now Secretary of the Treasury for the reconsideration of his determination levying a property tax. Neither this statute, nor the one creating the Tax Court —Act No. 328 of 1949—authorizes a taxpayer to ask for reconsideration of a final decision of the Treasurer in connection with property tax. *Ríos* v. *Tax Court*, 72 P.R.R. 119. We conclude that inasmuch as the complaint in the case at bar was filed after the expiration of the thirty days fixed by the statute, the trial court lacked jurisdiction, and its judgment stating so, although based on different grounds, must be affirmed. It is unnecessary to pass upon the errors assigned by the appellant.

The judgment appealed from will be affirmed.

---

[6] We have seen that the law creating the Tax Court, approved also in 1949, grants a like term of thirty days within which to appeal to the aforesaid court in tax cases. See footnote 5.